Merrimack,
No. 5730.

GEORGE S. PAPPAGIANIS, *Attorney General & a.*

*v.*

EUGENE S. DANIELL, JR. *& a. as*
*Robert F. Kennedy for President Write-In Committee.*

Argued February 7, 1968.
Decided February 9, 1968.

*George S. Pappagianis,* Attorney General ( by brief and orally ), for the plaintiffs.

*Eugene S. Daniell, Jr.* and *Alexander M. Lachiatto* ( *Mr. Daniell* orally ), for the defendants.

*Joseph A. Millimet* ( by brief and orally ), as *amicus curiae, pro se.*

PER CURIAM.   This petition by the Attorney General and the Secretary of State seeks an order that the defendants, individually and as members of the "Robert F. Kennedy for President Write-in Committee," shall obtain and file the written consent "of the candidate" as required by RSA 70:8 ( supp ) before they may receive or spend any money or thing of value; and that both before and after the presidential preference primary ( RSA ch. 58 ) they shall file statements of receipts and expenditures as required by the same statute. RSA 70:8 ( supp ), *supra.* The defendants moved to dismiss the action, alleging that their conduct relates only to the presidential preference primary and that RSA ch. 70 ( supp ) has no application to such a primary.

Upon an agreed statement of facts and the pleadings, the Superior Court ( *Bownes,* J. ) transferred without ruling the following question of law: "Does RSA 70:1-a ( supp ) as inserted by 1965, 236:3, except presidential preference primaries from the provisions of RSA Chapter 70?"

There can be no question that Laws 1965, 236:3 purported to except presidential preference primaries from the provisions of RSA ch. 70. The section in question expressly provided as follows: "236:3 EXCEPTIONS. Amend RSA 70 by inserting after section 1 ( supp ) . . . the following new section: 70:1-a. EXCEPTIONS. The provisions of this chapter shall not apply to presidential preference and delegate primaries."

The same enactment amended the definition of "election" contained in RSA 70:1 ( supp ) which previously included a "presidential preference . . . primary," by striking the reference to such a primary from the definition. 1965, 236:1. It also abolished the statutory limitation upon expenditures by or on behalf of a "presidential preference primary candidate" by striking the quoted words from RSA 70:4, I, ( 1 ) ( supp ). 1965, 236:2.

The plaintiffs suggest that doubt was cast upon the scope of RSA 70:1-a ( supp ) because the 1965 Legislature failed to strike out other references to presidential preference primaries in sections relating to reports of contributions and expenditures ( RSA 70:6, 12 ( supp )) and various references to delegates to party conventions. RSA 70:4, as inserted by 1957, 303:2; RSA 70:6, 7, 12 ( supp ). They take the position that in 1967 the doubt concerning the effect of the 1965 amendment achieved the standing of a limitation upon the meaning of RSA 70:1-a ( supp ) because of the action of the Legislature in that year when it did excise the limitations upon political expenditures by delegates contained in what was then section 4 I, ( 4 ) through ( 7 ), *supra* but permitted references to delegates or presidential preference primaries contained in sections 6, 7 and 12 to remain intact. Laws 1967, 368:1.

Each of the 1965 and 1967 amendments was enacted in the closing days of the session. See *Opinion of the Justices,* 106 N. H. 402. The view advanced by the plaintiffs is a not unreasonable attempt to reconcile and synthesize these amendments with the previous provisions of chapter 70, in an effort to save as much as possible of the prior law. Nevertheless, in our judgment the 1965 enactment of RSA 70:1-a ( supp ) was intended to eliminate the need for revision of later sections of the chapter and for the

detailed provisions which this would have required. The amendments adopted in 1967 are considered significant only as abortive housekeeping measures, designed to remove provisions which might appear inconsistent with RSA 70:1-a ( supp ). That these measures fell short of complete success because provisions in sections 6, 7, and 12 were ignored or overlooked, does not detract from the force of the clear and mandatory provisions of RSA 70:1-a ( supp ).

RSA 70:1-a ( supp ) precludes the application of RSA ch. 70 ( supp ) to the activities of these defendants. Moreover, under the amended definition of "election" and the definition of a "candidate" ( RSA 70:1 I and II ( supp ) ), RSA 70:8 ( supp ) fails to encompass the efforts of the defendants on behalf of Robert F. Kennedy, since he is not a "candidate in any election" within the meaning of this section, and the defendants are not a political committee at a "primary" to which the section applies.

The transferred question is answered in the affirmative: RSA 70:1-a ( supp ) does except presidential preference primaries from the provisions of RSA ch. 70.

*Remanded.*